PETITION I?on 1 REHEARING ON THE MERITS, BY F. W. S. GRAYSON ESQ.

Cdn ode partner bind another Tnj submission of their accounts to arbitration? t

The defendant roost respectfully prays a rehearing of this case. His counsel, with great deference would urge, that the court erred in adopting the principle upon which the judgment of the'- inferior court has been reversed^ namely, that one partner may, for his co-partner as well as himself, submit matters of controversy to arbitration:- a principié which has, perhaps, the support of nq previous decision and only one dictum, that, which is to lie found in the case of Taylor vs. Coyell & Co. in the Supreme court of Pennsylvania, Gow, 585. There the only defendant upon whom process'was served, by whom defence was made, and against whom Judgment was rendered, was William Taylor, the partner, who made the submission: the other partners were not before the court, and what Judge Dun cart said in that case, as tending to charge partners who do not concur in the submission, was extrajudicial, aiul.no authority even in Pennsylvania. The case of Strangford vs. Green, 2 Mod. 228, contains a contrary’dictum., There, too, the partner who wrs sued had, for himself and co-partner, made a parol *442 submission; the court in deciding that the partner who submitted was bound by the award, took occasion at the same time, to say, that Iiis co-partner was not bound. This dictum has, however, been approved and adopted* as iaw, by Bacon in his abridgment, 1 vol. 208; by Kyd in his treatise on awards, 42; and by Watson in his treatise on partnership, 446; Gow in his treatise on partnership,. 86, the latest on the subject, states that the partner who made the submission is bound by the award, though his copartner was no party to it; by which he leaves us to infer that the latter is not bound. He refers to Strangford vs. Green, without questioning the, principle therein expressly laid down, that the co-partner who did not concur in the submission is not bound by the award. Partners are agents for one another; the power which one partner possesses to bind another is but the authority of an agent to !>ihd his principal, conferred for the benefit and by the necessity or interest of the principal. Agents are clothed with general or special powers. Partners belong to the former class: they can make no higher claim. Now, a general.agent cannot bind his principal, by a reference to arbitration, without his special authority. ' No case has gone so far. The ¡interest of the principal, in the genera), cannot require and his safety oftentimes Forbids it it is true, that arbitrations are convenient and deapatchful; but it is equally true that they are extremely hazardous. And the errors and injustice which unlearned re ferees.máy commit, however enormous, admit of no correction. It is a dangerous jurisdiction, to which principals themselves seldom i-esort, and too often with well founded regret. That there is no redress of an unjust award, however ruinous, presents an invincible argument against the power of a general agent to bind bis principal by a submission, without bis. special consent.. Kyd on awards, page 45, says it is out of the ordinary course of the business of an Attorney to refer a matter to arbitration, and therefore he does not possess the power; although it is the common understanding that the assent of an Attorney in a cause, to a reference by a rule of nisi piuSf will bind the client: because his employment as
*443 Attorney, in a particular suit, implies the client’s consent that he may do every thing which the court may approve, in the progress of the cause. Yet the assent of a solicitor to a inference by a rule of a court of equity, will not bind his client without hia actual concurrence. 1 Chy. R. 194. 1 Cha. ca. 86, 1 Eq. Ca. ab. 49. And yet Attorneys at law and solicitors, possess sitnilarpowers. To submit a matter to arbitration, by an agent for his. principal, is considered an unnecessary and dangerous exercise of power and if it be allowed to an Attorney at law, it is because it is exercised under the approbation of the court; which is scarcely a sufficient reason and has been deemed insufficient in the court of chance* ry to authorize a solicitor to do the same tiling.
A guardian represents the Ward for whom he acts, and is his general agent; yet if he submits to a' reference, as he may do, for the infant, lie binds himself thereby and not the Infant: 3 Vin. 110, Kyd 39, Com. 319, Roberts vs. Newbold. A court of chancery will not decree an award to bind, the infant. 1 Eq. Ca. ab. 50, pl. 1.
The authority'conferred by act of Assembly upon, Barnett’s Commissioners, to sell and convey lands and to collect, and pay. debts,did not.carry with it, the power to submit a matter to arbitration. Although it is a mode, cheap, convenient and despatched, to collect debts or settle controversies, it is at the same time, an extraordinary and dangerous mode. 2 Bibb. 270.
An Executor or Administrator represents, the creditors and legatees or distributees of the decedent.
He is their general agent and something more. He" possesses power coupled with interest. , He is a trustee with the most extensive powers. And although an executor or administrator, as such, may submit to arbitration, yet if the" arbitrators do not au’ard as rouchaslie would be entitled to at law, it will be a devastavit for the residue. Toll. 425. Bac. ab. 207, Kyd 40.
The reason is stronger in favor of guardians and. executors or administrators binding those they represent by submissions to reference than other agcuts: for unless they possess such power by virtue *444 of their character of guardians, executors oradnintisfcrators, however convenient and safe a reference may be deemed, it cannot be bad, but at their special peril, whilst as to other agents, the principals «iay be consulted or a special power' delegated, whenever it may appear expedient.' The legislature of Kentucky has accordingly authorized guardians to submit land controversies to arbitration, according to the arbitration laws that may- be in force, 1 Lit. laws 676, Hard. 323. But the reference there authorized,' is to be had under a rule of court, and not the common law reference to an arbitrator, who acts’yvithout thp obligation pf an oath, ami without the power of summoning or swearing witnesses: a sort of hap hazard umpire.
It would he- difficult to imagine a reason in favor of one partner binding another by a submission, which would not apply to executors or administrators. Both'have power to make sales, to collect or release debts. The argument of convenience equally applies to each. Yet the former cannot submit to reference, but at their own peril, however expedient it may seem; whilst as to tho latter, if references he, desirable, special power to that effect may in al[ such cases, be conferred, and therefore not necessary that the power should be implied.
The reference made-in this case, was a common law reference, to an arbitrator, who was to act without oath and' without the power of summoning or swearing witnesses, and yet whose decision, however erroneous or oh]list, was to be conclusive on the parties. This is a-sort of reference, which, even an Attorney at law Ijas no authority to "make, though, employed for tito sole and special purpose of managing the controversy to be submitted. If he sain piits iiis client’s cause to reference, it must be with the approbation of the court, and to a sworn arbitrator, with competent power to summon ami swear tiie witnesses to he examined. And yet how much, more competent is he to exercise the delicate discro-tion of agreeing to a reference, than ordinary part iters in the country?
One partner may bind another, concerning partjjfrshipshatters, by parol contracts, but not by deed: *445 •^because a deed precludes all enquiry into its consideration. This would therefore, be a dangerous power and is not to be implied; but an award equally precludes inquiry into its merits and no reason occurs against one partner binding another by deed, >vhich does not equally apply to awards.
It is not denied, that one partner executing a deed for himself and co-partner submitting to a reference, cannot bind the co-partner to submit to the award, Gow 489. Decisions to that effect are sufficiently numerous, and if they are less so as to parol submissions, it is, perhaps, because parol submissions are of rare occurrence in the books, as said by Duncan J, in Gow 489; and which, as I take it, is because common law references in England, are almost always made by deed. But if an award is not binding upon all the partners, where the Submission is by the deed of one, executing for himself and co-partners, it follows that the award would not be obligatory upon them, though made upon a parol submission. The objection to the former, is not that one partner cannot bind another by deed, for it is not claimed that the co-partner is bound by the deed, but by the award; the deed is only used as evidence of the fact, that the one partner submitted for all; as to which, the seal can form no conceivable obstacle, any more than to a receipt for money, 'whipfa might happen to have a seal to it.
It has been said by an Attorney, Dampier, in argument, that one partner may enter an appearance for another to an action, 7 T. R. 207, which Judge Duncan in the case of Taylor vs. Coyell & Co. mistook for an authority, Gow 491. But the contrary had been held by Judges Iredell and Chase, 3 Dal. 391; and so expressly decided in South Carolina, 2 McCord’s rep. 310, Gow 195 in note— and upon principle, because the interest of the co-partners caqnot require it. If one partner can appear for another, it can only be where there has been service of process, bio general agent can appear to a suit for his principal without service of process. If a partner have .such power, then service of process upon one should bo deemed sufficient for all, as U>e case of executors, which we know, to be oth*. *446 erwise. There is then, not a single authority in favor of the power of one partner to appear for another, without previous service of process, whilst there are respectable authorities against it. If the partner have no such power, it, will scarcely be contended that he can bind his co-partners by an award made upon his submission for them, without their consent, where lie not only appears for and represents them, but creates without their authority, ari extraordinary and dangerous jurisdiction, from whose errors, however ruinous, no redress can be had.
April 10.
Answer to (he petition a3 to '.lie parties.
One defendant in 1 lie cayia$i returned no inhabitant,and who did not at Srst appear, is .-shifted into . he stead of ■A-O ojhor 7,7.10 first defended and after-wards died, and is so become the sole defendant without any formal entry — a singular case.
*446 The decision in this case is the first and only one I have been able to find reported in favor of the power of one partner binding anothci\hy an award made upon his parol submission, and if it be not against principle, it is at least without authority, and is opposed by the opinions of some of the ablest Judges and Lawyers of England.,
This-case was heard upon the argument of the Appellant’s counsel only, • Several points were decided by the inferior court, against appellee and as is believed all of them, not correctly,- to argue which also a rehearing is desired. "All which is respectfully submitted.
The court on consideration overruled both the motions, and stated the grounds in the following
Additional opinion of the Court, by Judge Mills.
As to the questions raised by the petition for a rehearing that the court below proceeded against a wrong defendant, or that the judgment below or proceedings hero have been had against one on whom, process is not served, the court returns the following answer.
The writ was executed on William Steele and returned as to Robert M. Steele, “not found and no inhabitant.”- The appearance is entered generally fortlie defendants. — It is true some of the first pleas in abatement (as the jileas are, numerous) are expressly in the name of William Steele alone. But others, as the cause progressed are filed expressly iii^the name of both and that which contests the execution of the writing is by Robert M, Steele, a *447 lone, and ho is the partner, who on the trial contested the effect of the writing upon him, by proving that it was signed by William Steele in the company name, when he, Robert, was out of the country. There is then no doubt Robert really appeared and is completely a defendant in the cause', as much so as’ if the process had been executed upon him. Tlfe trial and ali the entines relative thereto, including the judgment, notice but one defendant only; and there is no diticulty in ascertaining which it is. It is clearly Robert, who denied the power of his partner to bind him. The exceptions taken shew this, and that, at that time, William had departed this life. This accounts for ail the proceedings against one only. The parties knew that he was dead. They proceeded according to this knowledge against the surviving partner; but omitted to make an entry on record abating the suit as to the deceased defendant* The fact of his death is at length shewn clearly, and the proceeding is not against him, but ¡¡is partner, who it lias been seen had appeared. This irregularity we deem by no means sufficient to warrant this court, in setting aside either its own proceedings or those of the court below', for presuming that in all their solemn forms, these proceedings were against no person — -that William is dead and Robert unknown in the cause. The cause has all along had strong resistance from some quarter, and it is not difficult from the record to ascertain that this opposition arose from Robert M. Steele. It may be that the clerk of the court below, as well as the clerk of this court, in the caption of their entries, have employed die name of William Steele after his decease, inadvertently. If so, these entries are amendable as there is enough in the record to amend by, and such correction of the entries is directed accordingly.
One partner has by the general authority as Co-partner, power to bind the others by the submission of iheir accounts to arbitration by writing not coaled.
*447 As to the main point, whether one partner can bind another by submission of their accounts to arbitration, evidencing that submission by such an instrument as one can execute for another, it is impossible to read'cither the elementary writers or adjudicated cases, and not believe that such a power is comprehended in the general authority conferred *448 upon bis co-partner by the nature of their association. The reason for that general authority fully embraces this act. The particular instances iu which one partner can bind another, as held in the adjudicated cases, by analogy sustain this power also. For the exception to the general rule there ought, therefore, to be strong reason or clear authority. ‘ Of reason there is none — of exception there is but one — that ancient, before the law merchant had come to perfection, and is more a dictum than a decision — not clearly reported; though it is admitted it has given birth to an exception in some elementary treatises. This weak authority, if such it can be called, we conceive is not only shaken but overturned by conclusive reasoning, and modern cases and treatises.
Crittenden, for plaintiff; Grayson, for defendant ■
The petition for a rehearing is, therefore, overruled.